No. 5685.

# LAFAYETTE REALTY COMPANY vs. JOSEPH PUGLIA.

## Syllabus.

In the absence of a stipulation in the lease to the contrary, the rent is payable at the "dwelling" of the lessee.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 101,520, Hon. F. D. King, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellant.

E. M. Stafford, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The plaintiff, as landlord, sues to cancel the lease existing with defendant on the ground that the latter failed to pay promptly the installment of rent for May when it matured on the last day of that month.

For the purpose of showing that defendant was placed in mora, plaintiff relies solely upon proof to the effect that defendant failed to comply with the written notice served upon him demanding that he pay this installment of rent at plaintiff's place of business promptly at maturity.

The lessee was within his rights when he ignored this demand; for where, as in this case, there is no specification in the lease as to the place where the rent should be paid, the law prescribes that "payment must be made at the dwelling of the debtor" (lessee). R. C. C., 2157.

By formally tendering the rent after maturity, but prior to default and to the filing of this action, the defendant effectively stripped the landlord of his right to cancel the lease on the ground alleged.

The lower Court properly dismissed the proceeding and its judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree November 11, 1912.